CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
June 27, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KYLE ALLEN HULBERT,** ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00539 |
| ) | |
| v. ) | |
| ) | |
| **D. YOUNG** *et al.*, ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

### MEMORANDUM OPINION

Plaintiff Kyle Allen Hulbert, a Virginia inmate proceeding *pro se*, filed this action asserting claims pursuant to 42 U.S.C. § 1983. Hulbert claims that Defendants violated his First Amendment rights by censoring certain photographs[1] sent to him and by denying him due process in connection with the notices that the photographs were returned to the sender and not released to him. I will **GRANT** the partial motion to dismiss filed by Defendants.

## I.    Facts and Procedural History

Hulbert filed an amended complaint on April 26, 2024, related to events which occurred while he was incarcerated at River North Correctional Center. Dkt. 24. His claims arise from a singular event on April 28, 2023, when he received a photo email sent through the facility's JPay secure messaging system. Dkt. 24-1 ¶ 9. The message contained six photos sent to Hulbert by a female from outside the facility. *Id.* ¶ 10. Defendant Young allowed Hulbert to have one photo which showed the head and shoulders of a female, but he rejected five photos. *Id.* ¶¶ 11-13. Hulbert received a contemporaneous notification that each image withheld violated "COPD, Law or DOC policy" and was returned to the sender. *Id.* ¶ 13.  The notices did not contain any

---

[1] The images may have been printouts of photographs, but for ease of reference, the court refers to them as photographs.

additional specific information explaining why Hulbert could not have the photos. Hulbert filed a grievance regarding the withheld photos and learned through the grievance process that he could not have the five photos because of their "sexually explicit content." *Id.* ¶¶ 14-17, ECF No. 24-2 at 3. Hulbert concedes that one of the photos violated policy, but he contends (based upon the sender telling him so) that the other four photos did not violate policy and that he should have been allowed to receive them. Dkt. 24-1 ¶¶ 18, 28, ECF No. 24-2 at 4. To date, Hulbert has not seen the photos. The facility responded to his grievances by contending that the photos violated policy. *Id.* ¶¶ 15, 17, 20.

The amended complaint asserts the following claims against defendants D. Young, R. Hickman, the mail room supervisor, D. Anderson, Warden, and L. Hernandez, Western Regional Ombudsman:

> Claim 1: Defendant Young violated Hulbert's First Amendment right to correspond by rejecting images sent through the JPay secure messaging system. Dkt. 24-1 ¶ 25.
>
> Claim 2: Defendants Hickman, Anderson, and Hernandez violated Hulbert's First Amendment right to correspond by upholding and supporting, during the grievance process, the rejection of incoming images received via the JPay secure messaging system. Dkt. 24-1 ¶¶ 35, 47-49.
>
> Claim 3: Defendant Hickman violated Hulbert's right to due process by not providing specific identifying information about why the images were censored. Dkt. 24-1 ¶ 36.
>
> Claim 4: Defendants Hickman, Anderson, and Hernandez violated Plaintiff's First Amendment rights through supervisor liability because they supervised Defendant Young. (Dkt. 24-1 ¶¶ 34, 38, 47-50.

Defendant Young is the sole Defendant in Claim 1 and has answered that claim denying liability and contending that he properly rejected the photos. Dkt. 28 at 3 ¶¶ 4, 7. All defendants have filed a motion to dismiss Claims 2 – 4.

## II.  Standard of Review

The court liberally construes *pro se* pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court may neither construct a plaintiff's legal arguments, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.  Analysis

Hulbert asserts Claim 2 against Defendants Hickman, Anderson, and Hernandez who were not part of the initial decision to withhold the photos, but became involved only during the grievance process challenging the decision to block him from receiving the other photos.

To state a claim under §1983, a plaintiff must plead that each defendant, through his or her own individual actions, violated the Constitution. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Here, Hulbert complains that these Defendants did not correct Young's wrongful actions during the grievance process. Defendants, however, have no liability under § 1983 because of their response to a grievance or appeal. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Brown v. Va. Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009).

3

Likewise, "any mistakes [the defendants] made in investigating or ruling on plaintiff's grievances do not rise to the level of a due process violation." *Smith v. Jones*, No. 1:20cv1157, 2021 WL 4046403, at *4 (E.D. Va. Sept. 3, 2021); *see also Christian v. Thomas*, No. 3:20cv804, 2022 WL 1303270, at *11 (E.D. Va. May 2, 2022). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation" because "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

Simply put, "[i]n the prison context, allegations that a defendant-prison administrator reviewed or responded to the plaintiff's grievance describing *other* defendants' allegedly unconstitutional conduct typically is not enough to demonstrate the administrator's personal involvement in the underlying constitutional violation." *Jones v. Harrell*, No. 7:21-cv-00541, 2024 WL 1249510, at *13 (W.D. Va. Mar. 22, 2024). A prison official's "after-the-fact denial of a grievance falls far short of establishing § 1983 liability." *DePaola v. Ray*, No. 7:12-cv-00139, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013). Accordingly, Hulbert's general allegations related to Defendants' participation in the grievance process do not support liability.

Hulbert further contends more specifically that Defendants who reviewed his claims at various points during the grievance process did not personally examine the photos. He cites no authority in case law or in regulations for the proposition that they were required to do so. Instead, the law provides that "[c]laims that the defendants failed to investigate his grievances or appeals are not cognizable under § 1983." *Hicks v. Kiser*, No. 7:21-cv-00465, 2022 WL 4593099, at *1 (W.D. Va. Sept. 15, 2022).

Hulbert further contends that his claims are not based solely upon the grievance process Dkt. 24-1 ¶ 48, but upon the individual defendants' failures to correct what he perceives as an

4

ongoing violation of his rights after they became aware of the alleged violation through the grievance process. Dkt. 24-1 ¶ 49. This claim is addressed below as Claim 4. But nothing related to Defendants' actions during the grievance process itself gives rise to a viable claim. Accordingly, Claim 2 will be dismissed.

Hulbert asserts a due process violation in Claim 3 against Defendant Hickman because the notice rejecting certain photographs and returning them to the sender did not provide sufficient specificity explaining the reasons for the rejection. This Claim also fails.

The Supreme Court has held that an inmate is entitled only to minimal procedural safeguards when a prison withholds delivery of a letter or correspondence. *Procunier v. Martinez*, 416 U.S. 396, 417-19 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). In *Procunier,* the Court affirmed that minimum procedural safeguards involving rejected mail require that the inmate be notified of the fact that his mail was rejected, that the inmate have a reasonable opportunity to protest the decision, and that the protest is directed to someone other than the official who originally rejected the correspondence. *Id.*

The allegations in the Amended Complaint demonstrate that Hulbert received the constitutionally required procedural safeguards including notification that each of his photos had been rejected. Dkt. 24-1 ¶¶ 12-13. Hulbert had the opportunity to protest the decision, and, in fact, he did so by filing a grievance. *Id.* ¶¶ 14-18; *see also United States v. Gallo*, No. 87-5151, 1998 WL 46293, at *2 (4th Cir. May 12, 1988) (holding that the opportunity to protest through the prison grievance system was sufficient). Hulbert cites no law requiring that the precise reason for the rejection must be explicitly stated, and the court is not aware of any such authority. The notice is only to provide fair notification so that the rejection can be contested, which Hulbert did here. Accordingly, he suffered no harm from any lack of specificity.

5

Hulbert relies on VDOC Operating Procedure 803.1, which provides that "[w]hen staff return correspondence to the sender, the staff member must notify the inmate or CCAP probationer/parolee and the sender of the reasons for the return and the sender's right to appeal to the Facility Unit Head." *Id.* § XI(A). Hulbert received an explanation why the photographs were returned to the sender. The explanation did not have the level of specificity desired by Hulbert, but the Constitution does not require more specificity. In any event, an alleged violation of a prison policy does not itself support a claim that the constitution was violated under § 1983. *See Morant v. Vaughn*, No. 2:08-cv-155, 2009 WL 6651941, at * 6 (E.D. Va. Jan. 8, 2009) ("The failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation."). For these reasons, Claim 3 will be dismissed.

Finally, Defendants move to Dismiss Claim 4, which asserts that Defendants Hickman, Anderson, and Hernandez violated Hulbert's Due Process rights when they failed to correct Young's wrongful decision to withhold the photographs. In essence, Hulbert attempts to assert a claim of supervisory liability.

Hulbert recognizes that a defendant cannot be held liable in a § 1983 action under a theory of *respondeat superior*. Dkt. 32 ¶ 17. But he contends Defendants other than Young are liable as supervisors because they failed to correct Young's improper acts of not allowing Hulbert to receive the photographs. Because Hulbert never received the withheld photos, he characterizes Defendants as participating in a continuing violation.

Under § 1983, a supervisor may be liable "for the failings of a subordinate under certain narrow circumstances." *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). "[T]o state a claim for supervisory liability, 'a plaintiff must plead that *each* [supervisory] defendant, through the official's *own individual actions*, has violated the Constitution.'" *Evans v. Chalmers*, 703 F.3d

6

636, 660-61 (4th Cir. 2012) (Wilkinson, J., concurring) (quoting *Iqbal*, 536 U.S. at 676). A supervisory liability claim under § 1983 must be based upon facts that, if proven, would establish:

> (1) that the supervisor had actual or constructive knowledge that h[er] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226–27 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791 799 (4th Cir. 1994) (cleaned up)). Under the first prong, "the conduct engaged by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" *Randall v. Prince George's Cty.*, 302 F.3d 188, 206 (4th Cir. 2002) (quoting *Shaw*, 13 F.3d at 799). To show "deliberate indifference" under the second prong, a plaintiff "'ordinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . ." *Id.* Rather, as to the second element, a plaintiff may establish deliberate indifference by showing "a supervisor's continued inaction in the face of documented widespread abuses." *Id.* (quoting *Shaw*, 13 F.3d at 799) (cleaned up). Further, because the third prong requires a "causal link" between the supervisor's inaction and the alleged injury, after-the-fact knowledge is not sufficient. *Davis v. York Cnty. Bd. of Supervisors*, No. 4:17CV39, 2017 WL 6397833, at *2–3 (E.D. Va. Sept. 7, 2017); *Revely v. City of Huntington*, No. 3:07cv648, 2009 WL 483964, at *2 (S.D.W.V. Feb. 26, 2009) (noting that "subsequent knowledge is not sufficient to hold [defendants] liable as supervisors").

Hulbert's amended complaint fails to set forth facts supporting these elements. In conclusory fashion, he merely states that Defendants Hickman, Anderson, and

Hernandez failed, after-the-fact, to stop an isolated alleged constitutional violation within their power to rectify. Dkt. 24-1 ¶¶ 48-50. Hulbert did not contend that these Defendants were aware of any prior violations or that there was a widespread pattern of First Amendment violations with regard to incoming mail. The court understands Hulbert's arguments that these Defendants did not fix what he claimed to be an ongoing violation but any failure to rectify a claimed violation after-the-fact simply does not support supervisory liability when the injury claimed, if any, occurred because of Young's actions. *Cf. Jemsek v. Rhyne*, 662 F. App'x 206, 211 (4th Cir. 2016) (noting that "even though the consequences of any past violation may persist, invoking those effects does not transform past state action into an ongoing violation").

## IV.    Conclusion

The court **GRANTS** Defendants' Partial Motion to Dismiss and **DISMISSES** Claims 2, 3, and 4. The Clerk is directed to set the matter for trial on the remaining claim, Claim 1.

The Clerk is further directed to send a copy of this Memorandum Opinion to the Plaintiff.

Enter:  June 27, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge